BONFIGLIO *v.* LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

CARRIERS—DAMAGE TO GOODS—COMMON-LAW LIABILITY—PRIMA FACIE CASE—CONTRACT—BURDEN OF PROOF.

> Where a consignee of fruit shows its delivery in good condition to defendant, a connecting carrier, and that it was spoiled by defendant's negligence in not forwarding it promptly and in not properly ventilating its car, he makes a *prima facie* case for the recovery of damages at the common law, and the burden is on defendant to show a contract of carriage limiting its common-law liability.

Error to Lenawee; Chester, J. Submitted December 7, 1900. Decided January 8, 1901.

Case by Frank Bonfiglio against the Lake Shore & Michigan Southern Railway Company for damage to goods in transit. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*John E. Bird* and *J. N. Sampson,* for appellant.

*C. E. Weaver (George C. Greene* and *O. G. Getzen-Danner,* of counsel), for appellee.

Moore, J. This suit was begun to recover damages for the loss of a car of bananas shipped from New Orleans to Ft. Wayne, Ind. In January, 1899, the plaintiff ordered a car of bananas shipped from New Orleans to Ft. Wayne. The consignor shipped the bananas via Illinois Central Railway and Lake Shore Railway. The plaintiff claims the bananas were in good order when delivered to the defendant at Chicago by the Illinois Central Railway, and that, when they were delivered to Bonfiglio in Ft. Wayne, they were nearly worthless on account of the failure of defendant to forward them promptly, and because of its failure to properly ventilate the car. Bonfiglio presented his claim for damages to defendant, and it was refused. He then brought his suit and filed his declaration in case to recover damages of defendant for failure to observe its common-law liability as a common carrier. Early in the trial counsel for the defendant objected to any further proof until plaintiff showed a contract of carriage. This question led to a controversy between the court and plaintiff's counsel, which finally resulted in a verdict for defendant being directed by the court.

When the plaintiff was on the stand, and about to go into the merits of the case, counsel for defendant made the following objection:

" I object to any further testimony until they prove the contract of carriage. There is no testimony important or competent until the contract is shown."

After a discussion of the question, the court sustained the objection, and added:

"The court makes this ruling upon the theory that he cannot in any way say that the common-law liability shall apply, because the bill of lading might show that it does not."

The plaintiff's position was that he had filed his declaration in tort to recover for the negligence of defendant, and that he was not obliged to show any contract; and, further, that he had no special contract with defendant, and therefore could produce none. He insisted that when he had shown the car was delivered to the defendant at Chicago, with the fruit in good order; that it was accepted by defendant, and transported to Ft. Wayne, Ind.; that the fruit was damaged; that plaintiff paid the freight to defendant for transporting the car from Chicago to Ft. Wayne, Ind., and showed the extent of the damage,—he had made a case which entitled him to go to the jury, and, if there was any contract limiting defendant's common-law liability, the burden was upon the defendant to show it.

We think plaintiff was right in his contention. In 5 Am. & Eng. Enc. Law (2d Ed.), 353, there is a statement of what it is necessary for the consignor to show in order to make a *prima facie* case. When a *prima facie* case is made out by showing the delivery of the goods to the carrier in good order, and a failure to deliver them to the consignee in proper order, the rule is stated as follows:

"The burden of proof is on the carrier to show that the loss was within the exception provided by the contract set up. The fact of the loss under circumstances which would render the carrier liable in the absence of any special contract creates a presumption of the carrier's liability, which can only be overcome by proof of the special contract, and that the loss was within its provisions." 5 Am. & Eng. Enc. Law (2d Ed.), 359.

*Peoria, etc., R. Co.* v. *United States Rolling-Stock Co.*, 136 Ill. 643 (27 N. E. 59, 29 Am. St. Rep. 348);

*Park* v. *Preston*, 108 N. Y. 434 (15 N. E. 705); *Graham* v. *Davis*, 4 Ohio St. 376 (62 Am. Dec. 285); *American Transportation Co.* v. *Moore*, 5 Mich. 379; *McMillan* v. *Railroad Co.*, 16 Mich. 112 (93 Am. Dec. 208).

Judgment is reversed, and new trial ordered.

The other Justices concurred.